UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-CV-12 NCC |
| ) | |
| BILL STANGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Stanley Johnson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint on the court-provided form in compliance with the instructions set out below. Furthermore, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel (ECF No. 3), subject to refiling at a later date. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

State-prisoner Plaintiff submitted an application to proceed in district court without prepaying fees or costs. ECF No. 2. Although the form application states that an inmate must submit a certified prison account statement, Plaintiff has not done so. In his affidavit, however, he states that he has a prison job that pays $8.50 a month, but he has no assets or money in his prison account. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.70, which is twenty percent of Plaintiff's monthly deposit amount. 28 U.S.C. § 1915(b)(1)(A); *see also Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff[1] is a convicted and sentenced state prisoner confined at Southeast Correctional Center (SECC), a Missouri Department of Corrections (MDOC) facility in Charleston, Missouri. ECF No. 1 at 2. Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil

---

[1] Plaintiff states in his complaint that he has had a case dismissed on the basis of the "three strikes rule," but he provides no case citations. ECF No. 1 at 9. Based on an independent review of federal court records, it does not appear that Plaintiff has had three or more cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. As such, the Court does not find Plaintiff subject to the filing restrictions of the three strikes rule, 28 U.S.C. § 1215(g).

rights against Bill Stange (SECC Warden), Anne Precythe[2] (Director of MDOC), and ten (10) other SECC employees: Lisa Young (deputy warden); Timothy Seabaugh; Amy Maxwell (nurse); Unknown Walls (correctional officer); Darcie Bolton; Unknown Cossey (functional unit manager ("FUM")); Unknown Meridith (FUM); Unknown Watson (case manager); Unknown Gibson (case manager); and Unknown Bolin (case manager).  *Id.* at 1-4.  Plaintiff sues Stange and Precythe in their individual capacities, but he does specify capacity as to the other ten defendants.  *Id.* at 2-3.

Plaintiff alleges that his Eighth Amendment right to be free of cruel and unusual punishment has been violated by "elder abuse / ADA [(Americans with Disabilities Act)] violation."  *Id.* at 6.  Plaintiff describes himself as "hearing impaired" and he makes repeated references to a "Hearing Impairment Exam on 3-23-22" that he says, "tells the full story of [his] disability."  *Id.* at 5.  Unfortunately, Plaintiff does not include a copy of the exam results in his pleadings.[3]  Plaintiff's main complaint seems to be that he feels the defendants have ignored or denied his hearing impairment – a topic which he has been arguing about with defendants from "2014 to present."  *Id*.  Plaintiff asserts that the denial of his impairment constitutes abuse or harassment and that it is an "ADA" violation.  *Id.* at 4-5.

As to defendants Bolin, Watson, Gibson, and Meridith, Plaintiff alleges that they have caused him embarrassment by claiming that he can hear and denying his hearing impairment, lying about him, and harassing him.  *Id.* at 4-5.  Plaintiff alleges that nurse Amy Maxwell has been telling other SECC staff incorrectly that Plaintiff can hear.  Plaintiff asserts that FUM Cossey

---

[2] Plaintiff incorrectly spelled MDOC Director Precythe's last name on his complaint as "Prichyte" and "Prychte." ECF No. 1 at 1, 3; *see Officer of the Director*, Missouri Department of Corrections, https://doc.mo.gov/director/anne-precythe (last visited Mar. 14, 2023).  The Clerk of Court will be directed to correct the spelling of this defendant's name on the docket sheet to "Anne Precythe."

[3] At one point in his allegations, Plaintiff mentions the ear exam and then writes "See Attached page."  *See* ECF No. 1 at 5.  However, no ear exam report was included as an exhibit to the complaint.

harshly and unfairly punished him with a conduct violation for "interfering with count" when Plaintiff did not intend to interfere but simply could not "hear the count called out verbally." *Id*.

It is unclear what interactions Plaintiff has had with defendants Young and Seabaugh. Plaintiff states that he wrote them letters about his hearing impairment and he received no responses. Yet he also states that they both lied when they said that Plaintiff could hear. Similarly, as to MDOC Director Precythe, Plaintiff asserts that she refused to accept his letter of complaint about the abuse he was suffering because the letter came back "return to sender." *Id*.

Plaintiff mentions that he has filed "PREA" (Prison Rape Elimination Act) claims against two of the named defendants. Plaintiff filed on correctional officer Walls for "grabbing [his] buttocks / pulling on [his] penis." *Id.* at 4. Plaintiff filed a claim against case manager Watson for "licking his tongue" while Watson was waiting for Plaintiff to finish urinating so Watson could take him to a prison hearing. *Id.* at 5. Plaintiff further claims that Walls took Plaintiff's property because Plaintiff filed the PREA claim against him, and also that Walls oppresses him, harasses him, and threatens him. *Id.* at 4.

As to warden Stange, Plaintiff claims that Stange allows SECC employees "to use elderly abuse" and "sexual unedos" against him. *Id.* at 5. According to Plaintiff, Stange has allowed Walls to fondle Plaintiff without permission and Stange did nothing when Plaintiff filed his PREA claim against Watson. *Id.* at 4-5. Furthermore, Plaintiff alleges that Stange has ignored his pleas under the ADA. As best as the Court can decipher, those ADA pleas were in regard to Plaintiff receiving a conduct violation for interfering with count when he could not hear count. *Id.* at 5. Plaintiff asserts that Stange will not allow him to be "moved from the back of the wing," even though Plaintiff argues that he could hear count better if he was moved. According to Plaintiff, he continues to be discriminated against even after being approved for a vibrating watch. *Id*.

Plaintiff's named injuries seem to all stem from receiving the allegedly unjustified conduct violation which placed him in administrative segregation and resulted in: "hardship," "loss of all privileges," "psychological trauma," loss of sleep, "mental anguish," and "being abused and made fun of." *Id.* For relief, Plaintiff seeks 1.6 million dollars in total damages. *Id.* at 6.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because Plaintiff is self-represented and he has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing for failure to state a claim). Plaintiff should consider the following legal deficiencies in filing his amended complaint.

### I.     Failure to state a § 1983 Claim

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the

unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### a. Personal Liability Required

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Here, Plaintiff names a defendant Darcie Bolton[4] but he makes no allegations of wrongdoing by Bolton in his Statement of Claim. If Plaintiff wants his claims against Bolton to survive dismissal for failure to state a claim, he must provide facts supporting how Bolton violated his rights. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Similarly, Plaintiff's only allegations against defendants Young, Seabaugh, and MDOC Director Precythe seem to be that he sent them letters that they either would not receive or did not respond to. This is not enough to state a claim under § 1983. None of these defendants were causally linked to or personally involved in the alleged abuse that Plaintiff has suffered.

---

[4] Plaintiff names defendant "Darcie Bolton" in the caption of the complaint, and defendant Unknown "Bolin" in the Statement of Claim section. ECF No. 1 at 1, 4. However, Plaintiff makes no allegations of harm against Bolton. If "Bolton" and "Bolin" are in fact the same defendant and the name was simply restated incorrectly, Plaintiff should clarify this in his amended complaint.

### b. General Allegations of Abuse are not Enough

Plaintiff makes general complaints about embarrassment, lying, harassment, oppression, and threatening behavior by defendants Bolin, Watson, Gibson, Meridith, and nurse Maxwell;[5] however, Plaintiff provides no factual allegations supporting these broad statements. The Constitution does not guard against all intrusions on one's peace of mind. *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983"). In other words, fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King*, 117 F.3d at 1067 (citations omitted). In addition, allegations of "unspecific verbal harassment" do not state a claim under § 1983. *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (citing *McDowell*, 990 F.2d at 434 (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983)). As such, Plaintiff's general complaints of abuse are not enough to state a § 1983 claim against these defendants.

### c. False Conduct Violation is not Enough

As to defendant FUM Unknown Cossey, Plaintiff alleges that Cossey gave him an unfair conduct violation for interfering with count when Plaintiff could not hear the count. This is not enough to state a § 1983 claim against Cossey, as the Eighth Circuit has found that a false conduct violation is not actionable under § 1983. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per

---

[5] To the extent that Plaintiff is trying to make an Eighth Amendment deliberately indifferent medical care claim against nurse Maxwell, this claim fails. To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). Although the Eighth Circuit has held that hearing loss is an objectively serious medical condition, Plaintiff makes no allegations of Maxwell failing to provide needed medical care for his alleged hearing impairment. *See De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 803 (8th Cir. 2022).

curiam) (finding no § 1983 claim stated against officer who initiated prison disciplinary action against plaintiff for actions plaintiff alleged he did not commit).

### d. Sexual Assault Allegations are not Enough

Plaintiff states that he filed PREA (Prison Rape Elimination Act)[6] claims against defendants Walls and Watson.  According to Plaintiff, Walls grabbed his buttock and/or pulled on his penis, and Watson licked his (own) tongue while waiting for Plaintiff to finish urinating so that Watson could take Plaintiff to a prison hearing.  Plaintiff also makes general assertions that Walls has oppressed him, harassed him, threatened him, and retaliated against him.  As discussed above, these general allegations of abuse lack any factual support and are not enough to state a claim.  It is unclear from his complaint whether Plaintiff is also attempting to bring Eighth Amendment claims against Walls and Watson for the alleged assaults associated with his PREA claims.  If so, Plaintiff needs to provide factual details in support of his allegations.

The Eighth Amendment does protect those who are incarcerated from physical or sexual assault at the hands of correctional officers.  *See Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007) (stating that prisoners have a clearly established right under the Eighth Amendment to be free from sexual abuse).  Under 42 U.S.C. § 1983, a plaintiff must allege "threatened or actual injury."  *Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998).  However, "the Eighth Amendment analysis does not require significant injury."  *Id.* (allegations of "nonroutine patdowns" and verbal harassment which caused "fear and frustration" was sufficient evidence for jury to find injury).  But, the United States Court of Appeals for the Eighth Circuit has determined that "sexual

---

[6] To the extent that Plaintiff is attempting to bring PREA claims in this case against Walls and Watson, such claims are legally frivolous.  The PREA "does not create a right of action that is privately enforceable by an individual civil litigant."  *E.g., LeMasters v. Fabian*, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) (quoting *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq.* The statute does not grant prisoners any specific rights.")).

harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218, at *1 (8th Cir. 2000) (unpublished opinion).

As Plaintiff's allegations against Watson do not involve contact or touching, it does not appear that Plaintiff will be able to state an Eighth Amendment sexual abuse claim against him. If Plaintiff seeks to assert such a claim against Walls, he needs to provide factual support detailing the incident of alleged sexual abuse and any injury sustained. It is unclear if Plaintiff is asserting Walls grabbed Plaintiff's buttock or pulled on Plaintiff's penis, or both. Also, Plaintiff provides no information on when and where this incident occurred, and whether it occurred during some kind of search or patdown. In order for this claim to survive initial review, Plaintiff must provide enough facts for the Court to find that he states a § 1983 claim of sexual abuse.

**II.     Failure to state a Claim under the Americans with Disabilities Act (ADA)**

Plaintiff alleges that he has suffered elder abuse and ADA violations, stemming from a denial of his hearing impairment. Specifically, as to defendant SECC warden Stange, Plaintiff asserts that Stange has ignored his pleas under the ADA. Plaintiff mentions that Stange will not allow Plaintiff to move cells so that Plaintiff can better hear count. Plaintiff admits to having received a vibrating watch, presumably to help him know the time and respond at count time appropriately, but he alleges that the watch is not enough.

Under Title II of the Americans with Disabilities Act, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132*; see also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Schs.*, 863 F.3d 966, 972 (8th Cir. 2017) (stating that Title II of the ADA prohibits public entities from discrimination based on disability in services, programs, or activities). In order to state a claim under Title II of the ADA, a prisoner-plaintiff must allege that (1) he is a qualified individual

with a disability; (2) he was excluded from participation in or denied the benefits of the prison's services, programs, or activities, or was otherwise subjected to discrimination by the prison; and (3) such exclusion, denial of benefits, or other discrimination was by reason of his disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

Assuming Plaintiff has a hearing impairment that constitutes a disability under the ADA, there are no allegations of exclusion from participation in a prison service or activity.  The Court construes Plaintiff's allegations as suggesting that SECC has attempted to accommodate Plaintiff's hearing impairment with the issuance of a vibrating watch; however, Plaintiff does not believe this accommodation is sufficient and he also wants a change in cell location.  Plaintiff must allege that the watch accommodation is not enough to allow his participation in some prison service, program, or activity.  In addition, Plaintiff's claim cannot be brought individually against warden Stange.

Although Title II of the ADA does cover inmates in state prisons, *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), it only applies against "public entities." 42 U.S.C. § 12132.  Under 42 U.S.C. § 12131(1), "[t]he term 'public entity' means[] any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).  As a result, Plaintiff cannot bring a claim against Stange in his individual capacity under the ADA for failure to accommodate Plaintiff's alleged hearing disability.

### III.   Capacity Issues

Finally, Plaintiff sues defendants Stange and Precythe in their individual capacities, but he does specify capacity as to the other ten defendants.  When a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); s*ee also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in

his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In this case, most (if not all)[7] of defendants are employees of the Missouri Department of Corrections, or the State itself.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. In addition, in the absence of a waiver, the Eleventh Amendment[8] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent Plaintiff seeks monetary damages against the defendants for which he sues only in their official capacities, his claims are barred by the Eleventh Amendment and subject to dismissal. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

---

[7] Nurse Amy Maxwell may be an employee of Centurion Health, the private corporation contracted to provide medical services to prisoners at SECC.

[8] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

**Amendment Instructions**

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint, or any supplements, that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the Caption section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual

capacity, official capacity, or both.  Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the Statement of Claim section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant.  If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the Statement of Claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell*, 909 F.2d at 1208.  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the

dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

## Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent Plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the Plaintiff has alleged a *prima facie* claim, the Court must determine the Plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the Plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.70 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the docket sheet spelling of defendant "Anna Prichyle" to "Anne Precythe."

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 11th day of April, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE