UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-12 NCC |
| ) | |
| BILL STANGE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented Plaintiff Stanley Johnson brought this civil action seeking relief under 42 U.S.C. § 1983. ECF No. 1. On April 11, 2023, the Court granted Plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee of $1.70. ECF No. 6. Based on a careful review and liberal construction of Plaintiff's complaint, the Court found that the complaint had not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, instead of dismissing the case, the Court directed Plaintiff to file an amended complaint on a court-provided form in compliance with the instructions provided by the Court, within thirty (30) days.

In early May 2023, Plaintiff requested and was granted an extension of time until August 9, 2023, to file his amended complaint on a court-provided form. ECF Nos. 7-8. Plaintiff was warned that a failure to comply with the Court's Order would result in the dismissal of this action, without prejudice or further notice. Two days after the Court granted that extension, Plaintiff filed a letter with the Court. ECF No. 9. In the letter, Plaintiff states that he is attempting to complete the required paperwork for payment of the $1.70 initial partial filing fee that was ordered by the Court, and he asks whether the Court has ruled his motion for an extension of time. *Id.* at 1.

Plaintiff's amended complaint was due by August 9, 2023, and nothing has been filed. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's April 11, 2023 and May 3, 2023 Orders, and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of August, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE